## VALIDITY OF TITLE TO PROPERTY SOLD BY ORDER OF THE PROBATE COURT.

Circuit Court of Cuyahoga County.

Ruth C. Robinson v. S. D. Dunn.

Decided, December 19, 1910.

*Probate Court—Jurisdiction—Records Import Absolute Verity—Collateral Proceedings—Service.*

The probate courts of this state are courts of record, competent to decide on their own jurisdiction and exercise it to final judgment. Such court's records import absolute verity, and no party to any proper proceeding therein can in any collateral pocceeding, by impeaching the truth of its findings, challenge its jurisdiction to adjudge that he was duly served with proper. notice and to award relief accordingly.

*F. & J. Rudin* and *H. C. Mason,* for plaintiff in error.
*Estep & Gott,* contra.

Henry, J.; Winch, J., and Marvin, J., concur.

The parties to this proceeding in error stand as they stood below. There the action was brought to establish plaintiff's title to an undivided one-third interest in certain Cleveland residence property and to compel defendant to account for the rents and profits thereof. The sole question here challenges the validity of certain probate court proceedings whereby plaintiff in error's title is claimed to have been divested through a statutory sale made without notice to her, while she was an infant and a resident of British America.

The probate court record and files in that proceeding were received in evidence in this case, and the only evidence now discoverable of the kind of notice, if any, which was given to the plaintiff in error, of the pendency of said proceeding in the probate court, is the affidavit of an attorney that he "sent" her a letter, which he quotes in full. But the probate court journal shows that "the court being fully advised in the premises, finds that all parties defendant have had due notice of this action and

of the substance and object of the petition, or have waived notice and voluntarily entered their appearance in the case.'' For aught we know, the court may have had abundant evidence of service of notice on the plaintiff in error besides the said affidavit.   The probate courts of this state are courts of record competent to decide on their own jurisdiction and exercise it to final judgment.   Such a court's records import absolute verity; and no party to any proper proceeding therein can in a collateral proceeding by impeaching the truth of its findings, challenge its jurisdiction to adjudge that he was duly served with proper notice and to award relief accordingly.   *Railroad Company* v. *Belle Center Village,* 48 Ohio St., 273.

The judgment is affirmed.